# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES T. BYRD, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 16-639 |
| | ) Judge Nora Barry Fischer/ |
| v. | ) Chief Magistrate Judge Maureen P. Kelly |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA, | ) |
| ALLEGHENY COUNTY DISTRICT | ) |
| ATTORNEY, and WARDEN ORLANDO L. | ) |
| HARPNER, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition For Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), ECF No. 3, be dismissed as moot.

### II. REPORT

James T. Byrd ("Petitioner"), a state pre-trial detainee, is incarcerated in the Allegheny County Jail ("ACJ"), awaiting trial on rape charges. By means of the Petition, Petitioner seeks to challenge two distinct periods of his pre-trial detention. First, he seeks to challenge the period of pre-trial detention before he was charged with rape, a period that he alleges was unconstitutional because there was no valid reason for detaining him in the ACJ. Because the periods of pre-trial detention that occurred prior to him being charged with rape have ended, the Petition should be dismissed as moot as to that period of time. Secondly, Petitioner apparently seeks to challenge the period of time spent in pre-trial detention following his being charged for rape and failing to make bail thereon. Because Petitioner fails to show that he exhausted state court remedies as to

this second period of time, the Petition should be denied as to that period of pre-trial detention.

**A. Factual and Procedural History**

On February 23, 2015, Petitioner was arrested on a series of charges including gun violations, and drug charges with the offenses occurring on that same date ("the 2015 Gun Case").[1]  Petitioner was thereafter taken to the ACJ.  Petitioner made bail on the 2015 Gun Case on April 9, 2015, and was released from the ACJ.

Apparently, while free on bond from the 2015 Gun Case, Petitioner was arrested on June 9, 2015, by the Western Pennsylvania Fugitive Task Force on a warrant issued on behalf of the Ohio Adult Parole Authority.  ECF No. 3 at 2; ECF No. 18 ¶ 10.  On that same date, the Honorable Jeffrey Manning of the Court of Common Pleas of Allegheny County committed Petitioner to the ACJ to await extradition pursuant to 42 Pa.C.S.A. § 9136, setting a $10,000.00 monetary bail.  ECF No. 18 ¶ 12.  According to Petitioner, an extradition detainer was lodged against Petitioner based on the Ohio Adult Parole Authority's warrant.  Thereafter, the Ohio Parole authorities attempted to retrieve Petitioner, but according to Petitioner, the Pennsylvania authorities refused to permit the Ohio authorities to take him out of the ACJ.  ECF No. 3 at 4.  Petitioner claims that this refusal on the part of the Pennsylvania authorities was unconstitutional.

Petitioner remained detained at the ACJ apparently based on the extradition detainer, which Petitioner contends expired by operation of law about June 19, 2015.  ECF No. 18 ¶¶ 18-

---

[1] The Court takes judicial notice of these facts from the criminal docket for Petitioner in the Court of Common Pleas of Allegheny County, which is available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0002875-2015

site last visited  9/7/2016).

19. On March 4, 2016, Petitioner was charged with rape of his fiancée based on information obtained from recorded phone calls that Petitioner made while at the ACJ (hereinafter the "2016 Rape Case").[2] ECF No. 18 ¶¶ 37 – 40. A preliminary arraignment was held concerning the rape charge on March 4, 2016, where Petitioner claims he was denied counsel, and copies of the affidavit of probable cause and of the arrest warrant. Id.¶ 41. Bail was set at $500,000.00 monetary.

On March 22, 2016, a preliminary hearing was held on the rape charge, where the alleged victim, Petitioner's fiancée did not attend and did not testify. The rape charge was bound over for trial.

On March 23, 2016, Petitioner's bond in the 2015 Gun Case was revoked based on the new 2016 Rape Case. Id. ¶ 49.

On May 18, 2016, this Court received Petitioner's Petition without a filing fee or a Motion for Leave to Proceed In Forma Pauperis. ECF No. 1. Thereafter, Petitioner paid the filing fee and the Petition was filed. ECF No. 3. Respondents filed an Answer denying that Petitioner was entitled to any relief. ECF No. 16. Thereafter, Petitioner filed a "Supplement to Writ of Habeas Corpus/Show Cause Order" (hereinafter "Supplement"). ECF No. 18. Petitioner also filed a Reply to the Answer (hereinafter the "Traverse"). ECF No. 22.

Petitioner has also filed a number of motions, which shall be addressed in a separate order filed contemporaneously with this Report and Recommendation.

---

[2] The dockets for the 2016 Rape case are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0003369-2016

(site last visited 9/7/2016).

B. Discussion

1. **Applicable legal principles**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards obtaining federal habeas relief was effective April 24, 1996. Because Petitioner's habeas petition was filed after the effective date of AEDPA, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) cert. denied, 532 U.S. 980 (2001).

The parties agree that this Court's jurisdiction to entertain this Petition is premised on 28 U.S.C. § 2241. ECF No. 16 at 1 – 3; ECF No. 18 ¶ 1. See also McDowell v. Chesney, No. CIV.A. 03-818-JJF, 2004 WL 1376591, at *3 (D. Del. June 17, 2004). See also Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975).

Although it has long been established that there is power in the federal courts to consider on habeas corpus the merits of a constitutional challenge to pre-trial detention, Ex parte Royall, 117 U.S. 241, 253 (1886), considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-91 (1973). The United States Court of Appeals for the Third Circuit has succinctly summarized the law governing the exercise of federal habeas power in regards to a state prisoner who seeks habeas relief prior to his state trial:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d at 443 (citations omitted). Under Moore, the first question to be asked, as a matter of logic, is whether there "are extraordinary circumstances" because if there are, then exhaustion of state court remedies is not required; if there are not extraordinary circumstances, then exhaustion is required. It is a habeas petitioner's burden to show the existence of such extraordinary circumstances so as to justify a federal habeas court's entertaining the habeas petition prior to the state prisoner's state criminal trial. See, e.g., DeYoung v. O'Neal, 76 F.3d 385 (Table), 1996 WL 32137, *1 (9th Cir. 1996)("DeYoung has not demonstrated extraordinary circumstances warranting federal interference with his pending state criminal prosecution. Accordingly, the district court properly dismissed DeYoung's habeas petition."); U. S. ex rel. Bryant v. Shapp, 423 F.Supp. 471, 474 (D. Del. 1976)("the petitioner has not shown the 'extraordinary circumstances' which have justified, in other pre-trial habeas corpus cases, the interposition of federal habeas relief in advance of the state criminal proceeding.").

### 2. Petitioner fails to establish "extraordinary circumstances."

In the instant case, Petitioner has made no argument concerning the existence of extraordinary circumstances yet alone pointed to any extraordinary circumstances which would justify the court's entertaining this pre-trial habeas petition. "Neither the Third Circuit nor the United States Supreme Court has explicitly described the 'boundaries of extraordinary circumstances' [sufficient] to warrant pre-trial interference.'" McDowell v. Chesney, 2004 WL 1376591 at *6. While the United States Court of Appeals for the Third Circuit has not defined the parameters of "extraordinary circumstances," it has stated that the habeas petitioner must present allegations that "reveal that quality of delay, harassment, bad faith or other intentional activity which, in an appropriate situation, might constitute an 'extraordinary circumstance',

justifying pre-exhaustion federal habeas relief." Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1997)(quoting Moore v. DeYoung, 515 F.2d at 447 n. 12 (3d Cir. 1975)), *cert. denied*, 532 U.S. 919 (2001)). Here, although Petitioner makes conclusory allegations of conscience shocking behavior on the part of Respondents and the prosecutors, even accepting such allegations as true for present purposes, Petitioner has not convinced the Court that the conclusory allegations constitute the requisite "extraordinary circumstances," as is his burden.

### 3. Petitioner's claims as to the period of detention from June 19, 2015 to March 4, 2016 are moot.

Even if, for the sake of argument, Petitioner could establish that extraordinary circumstances exist in his case, the Petition should still be denied.

With respect to his period of incarceration from June 19, 2015 (ten days after the date on which he was arrested based on the Ohio Adult Parole Authority's detainer warrant)[3] to March, 4, 2016 (the date on which he was arrested for the 2016 Rape Case and failed to make bail on that case), we shall assume for the sake of argument that his detention was illegal and shall hereinafter refer to this period of time as "the presumptively illegal detention period."

The Petition should be dismissed with respect to any and all claims by Petitioner regarding this presumptively illegal detention period because his claims are moot as to this period of time given that there is no relief in habeas corpus which the Court can grant. See, e.g., Handy v. Schwartz, No. 08–cv–242, 2009 WL 35190, at *1 (S.D.Ill. Jan. 5, 2009) (noting a case is moot "when the Court can offer no relief because the harm is done and cannot be undone ... [and] the Court no longer has jurisdiction to hear it."); Gonzalez v. Grounds, No. C 11-3597 RS PR, 2012 WL 3651134, at *1 (N.D. Cal. Aug. 24, 2012) ("Because there is no relief this Court

---

[3] Petitioner asserts that the Ohio Adult Parole Authorities only had until 10 days after his arrest on their warrant to retrieve him. ECF No. 18 ¶ 18. Thereafter, Petitioner seemingly implies that his detention pursuant to the extradition detainer became illegal.

can give that would affect the validity or length of his confinement, petitioner has no personal stake in the outcome of this suit, which is therefore moot. Accordingly, the action will be dismissed."); Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) ("Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects.") (citing O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974)).

We note that even at the time Petitioner filed the current Petition, i.e., on or about May 18, 2016, he was no longer in custody pursuant to the Ohio Adult Parole Authority detainer warrant, but had already been arrested on the 2016 Rape Case and was being detained thereunder, having failed to make bail on the rape charge. Indeed, what was said in Bell v. Beard, No. CIV.A. 07-1215, 2009 WL 689319, at *5 (W.D. Pa. March 16, 2009) applies equally here: "[a]s powerful as federal courts are, they cannot undo past deeds, they cannot change the past. They cannot go back now and make Petitioner to be out of custody from May 21, 2007, the date whereon his Allegheny County sentence, as correctly calculated, should have 'maxed out.' Hence, this claim by Petitioner is moot." Accordingly, because this Court cannot make Petitioner be out of custody from June 19, 2015 until March 4, 2016, any and all of Petitioner's claims with respect to the allegedly illegal detention period should be dismissed as moot.

**4. Petitioner's detention from March 4, 2016 based upon the 2016 Rape Case.**

As for the period of time of Petitioner's pre-trial detention from March 4, 2016 (the date on which he was arrested on the 2016 Rape Case) to the present, Petitioner fails to show that his detention is illegal. Petitioner was arrested and arraigned on March 4, 2016 for the charge of rape in the 2016 Rape Case, bail was set and Petitioner, as he admits, failed to make the bail. Hence, facially, his detention is legal. Petitioner seemingly suggests somehow that his detention as to the 2016 Rape Case is illegal because the victim is uncooperative and did not testify at the

7

preliminary hearing and/or because the evidence was obtained by listening to his jail calls and or based on false information in an affidavit. ECF No. 18 ¶¶ 38 – 40. However, none of these conclusory allegations constitute extraordinary circumstances, yet alone establish that his current detention pursuant to the 2016 Rape Case is illegal.

Having failed to establish extraordinary circumstances with respect to the period of detention from his March 14, 2016 incarceration on the 2016 Rape Case and thereafter to the present, Petitioner must show that he has exhausted his state court remedies pursuant to Moore v. DeYoung. However, as concerns Petitioner's detention caused by the 2016 Rape Case, Petitioner fails to establish that he exhausted any state court remedies with respect to the detention arising out of the 2016 Rape Case.

Petitioner has failed to even specifically plead that he exhausted his state court remedies with respect to the detention caused by the 2016 Rape Case. But see Traverse, ECF No. 22 ¶ 13 ("In the instant case, it is clear that the exhaustion requirements have been met by the Petitioner.").[4] We find that Petitioner has not carried his burden to show that he exhausted his state court remedies with respect to the detention arising out of his 2016 Rape Case. Accordingly any claims arising thereunder must be dismissed.

---

[4] Although not necessary to our conclusion that Petitioner failed to show he exhausted state court remedies concerning his detention caused by the 2016 Rape Case, we note that a state court writ of habeas corpus is available to challenge any contention by Petitioner that a prima facie case was not made out at the preliminary hearing on his 2016 Rape Case. Commonwealth v. Kowalek, 647 A.2d 948, 949 (Pa. Super. 1994) ("The method for testing a finding of a prima facie case prior to trial, in this Commonwealth, is by a writ of habeas corpus. Thereafter, our scope of review is limited to deciding whether a prima facie case was established at the preliminary hearing.")(citations omitted). Petitioner does allege that a state court writ of habeas corpus was filed in August, 2015. ECF No. 12-2 at 3. He also alleges that on October 1, 2015, Petitioner filed a writ of mandamus in the Pennsylvania Supreme Court's original jurisdiction, which was denied on November 17, 2015. ECF No. 18 ¶¶ 30 - 31. However, these state court remedies could not have exhausted Petitioner's claims with regard to the alleged illegality of his pre-trial detention arising from the 2016 Rape Case, because detention pursuant to that 2016 Rape Case did not begin until March 4, 2016.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed. To the extent one would be needed, a certificate of appealability should be denied because jurists of reason would not find the foregoing debatable.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: September 7, 2016

cc: The Honorable Nora Barry Fischer
United States District Judge

JAMES T. BYRD
#52773
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

All counsel of record via CM-ECF